## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EDWARD JOSEPH, JR.,**
    **Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO.  20-3314**

**EAGLE, INC., ET AL.,**
    **Defendants**

**SECTION: "E" (5)**

### ORDER AND REASONS

Before the Court is Plaintiff Edward Joseph, Jr.'s Motion to Remand this case to the Civil District Court for the Parish of Orleans, State of Louisiana.[1]

### BACKGROUND

This personal injury suit is based on Plaintiff's alleged exposure to asbestos through Plaintiff's employment and at his home, as a result of his father's exposure to asbestos.[2] Between 1955 and 1979, Plaintiff's father allegedly was exposed to asbestos-containing products while employed at the Avondale Shipyard[3] and then brought the asbestos fibers back into his household.[4] Between 1969 and 1979, Plaintiff himself worked at the Avondale Shipyard and at various residential construction sites in Jefferson and Orleans Parishes.[5] Plaintiff alleges he was exposed to asbestos at these job sites.[6] Plaintiff alleges he was diagnosed on or about April 25, 2018 with asbestosis, asbestos-related pleural plaques, and asbestos-related pleural thickening.[7]

---

[1] R. Doc. 9. Defendant Huntington Ingalls Incorporated ("Huntington Ingalls") opposes the motion. R. Doc. 17. Defendant Hopeman Brothers, Inc. ("Hopeman") also opposes the motion. R. Doc. 19.
[2] R. Doc. 1-2 at ¶¶ 14-17.
[3] *Id.* at ¶ 15.
[4] *Id.*
[5] *Id.* at ¶ 14.
[6] *Id.*
[7] *Id.* at ¶ 3.

On April 24, 2019, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana.[8] Plaintiff brought claims of negligence against all Defendants for failure to provide warnings of the hazardous workplace conditions, failure to provide safe premises, failure to comply with federal labor regulations, and failure to undertake other necessary precautions.[9]

Plaintiff further brings claims of negligence and strict liability against the Defendants Hopeman, Union Carbide Corporation, CBS Corporation, 3M Company, Wayne Manufacturing Company, Inc., General Electric Company, Bayer Cropscience, Inc., Taylor-Seidenbach, Inc., Liberty Mutual Insurance Company, International Paper Company, Eagle, Inc., and the McCarty Corporation (the "Products Defendants") for exposure to asbestos products.[10] Plaintiff also brings strict liability and negligence claims against Huntington Ingalls and Liberty Mutual Insurance Company (the "Shipyard Employer Defendants") for asbestos exposure.[11]

On December 4, 2020, Defendant Huntington Ingalls removed Plaintiff's action to this Court.[12] In its notice of removal, Huntington Ingalls invokes this Court's jurisdiction under 28 U.S.C. § 1441 as an action arising under federal law within the meaning of that statute, and because Huntington Ingalls alleges it acted as an officer of the United States under 28 U.S.C. § 1442 at all material times.[13] On January 12, 2021, the Court granted Hopeman's request to join the notice of removal.[14]

---

[8] R. Doc. 1-2.
[9] *Id.* at ¶¶ 24-27.
[10] *Id.* at ¶¶ 28-31.
[11] *Id.* at ¶¶ 32-39.
[12] R. Doc. 1.
[13] *Id.* at ¶¶ 8-24.
[14] R. Doc. 14.

On January 4, 2021, Plaintiff moved to remand.[15] Plaintiff argues the removal was improper because (1) the removal by Huntington Ingalls was untimely and (2) Huntington Ingalls failed to satisfy the jurisprudential requirements for removal under § 1442 because it did not demonstrate a colorable federal officer defense. Huntington Ingalls and Hopeman Brothers (together, the "Removing Defendants") filed separate oppositions to Plaintiff's motion to remand.[16] Plaintiff did not file a reply addressing the arguments made by either of the Removing Defendants.

## STANDARD

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[17] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[18]

Under 28 U.S.C. § 1442, Congress has allowed for the removal of state cases commenced against

> [t]he United States or any agency thereof or any officer … of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

> The time for removal is set forth in 28 U.S.C. § 1446, which provides:

> (b)(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable.[19]

> . . .

---

[15] R. Doc. 9.

[16] R. Docs. 17 and 19, respectively.

[17] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. Feb. 28, 2001).

[18] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. Jan. 8, 2002).

[19] 28 U.S.C. 1446(b) (emphasis added).

> (g) Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.

Generally, a defendant must file a notice of removal within 30 days of being served the initial complaint.[20] An exception exists, however, if more than 30 days after service the defendant receives an "amended pleading, motion, order, or other paper from which it may be first be ascertained that the case is one which is or has become removable."[21] Discovery responses, including answers to interrogatories made by voluntary act of the plaintiff,[22] constitute an "other paper" under the statute, "triggering the 30-day removability period."[23] Discovery responses must be "unequivocally clear and certain" to support removal under this rule.[24]  This reduces premature "protective' removals" by defendants who fear being time-barred in cases with initial pleadings that lack sufficient information to determine any federal jurisdiction.[25] Judicial economy is promoted by relieving the Court from delving into what the defendant subjectively knew or did not

---

[20] 28 U.S.C. § 1446(b)(1).

[21] 28 U.S.C. § 1446(b)(2)(3).

[22] *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. Aug. 26, 1992) ("Clearly the answer to interrogatory which triggered the filing of the notice of removal in this case is such an 'other paper.'") ; *See also S.W.S. Erectors, Inc.*, 72 F.3d at 494 (holding that the defendant may not produce the removable event, but rather that the plaintiff must voluntarily produce or plead information that reveals a removable ground for jurisdiction).

[23] *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 Fed.Appx. 437, 440 (5th Cir. Mar. 4, 2011). *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996) ("We hold that the affidavit, created entirely by the defendant, is not 'other paper' under section 1446(b) and cannot start the accrual of the 30–day period for removing. On the other hand, a transcript of the deposition testimony is 'other paper.'").

[24] *Bosky v. Kroger Texas, LP*, 288 F.3d 208 (5th Cir. April 8, 2002) (citing *DeBrey v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979) (holding that if the 30-day period under § 1446(b) "is going to run, the notice ought to be unequivocal")).

[25] *Chapman*, 969 F.2d at 163.

know and instead allows the Court to look directly at the pleadings, motions, orders, and other paper.[26]

## LAW AND ANALYSIS

**I.  Defendants have demonstrated a colorable federal defense under § 1442.**

The Removing Defendants argue removal is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because they are persons acting under the authority of an officer of the United States. Because the issue of whether Defendants have presented a federal officer defense challenges this Court's subject matter jurisdiction, the Court will address it first.

Section 1442(a)(1), "is a pure jurisdictional statute in which the raising of a federal question in the officer's removal petition . . . constitutes the federal law under which the action against the federal officer arises for [Article III] purposes."[27] This allows federal officers to "remove cases to federal court that ordinary federal question removal would not reach[, ] . . . even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in response."[28]

Ordinarily, the removing defendant has the burden to establish that federal jurisdiction exists.[29] However, because § 1442(a) must be liberally construed,[30] whether federal officer removal jurisdiction exists must be assessed "without a thumb on the

---

[26] *Id.*

[27] *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017) (quoting *Mesa v. California*, 489 U.S. 121, 136 (1989)).

[28] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. Feb. 24, 2020).

[29] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. Jan. 8, 2002) (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. Mar. 7, 1995)).

[30] *See, e.g*, *City of Walker v. Louisiana*, 877 F.3d 563, 569 (5th Cir. 2017) ("federal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited.").

remand side of the scale."[31] The federal officer removal statute authorizes removal if: (1) the defendant is a person within the meaning of the statute; (2) the defendant "acted under" the direction of a federal officer; (3) the defendant's conduct is "connected or associated with" or "related to" a federal directive;[32] and (4) the defendant has a colorable federal defense.[33]

The Removing Defendants allege they are persons who "acted under" the direction of the United States Navy and the United States Maritime Administration at all relevant times related to Plaintiff's claims. Plaintiff questions only whether the Removing Defendants have raised a colorable federal defense.[34] In its notice of removal, Huntington Ingalls invoked two federal defenses:

> First, one or more of Plaintiff's claims is barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and its progeny. *Latiolais* [*v. Huntington Ingalls, Inc.*], 951 F.3d [286,] 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence claims relate to the acts performed under color of federal office.[35]
>
> . . .
>
> Second, Plaintiff's claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here rendering Avondale immune from suit because it performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization

In *Latiolais*, the Fifth Circuit explained,

---

[31] *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016) (citations omitted).

[32] *St. Charles Surgical Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, No. 20-30093 at *12 (5th Cir. March 8, 2021) (citing *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 291 and 296 (5th Cir. Feb. 24, 2020) and rejecting the Fifth Circuit's former "causal nexus" requirement).

[33] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. Feb. 24, 2020).

[34] R. Doc. 9-1. at 18.

[35] R. Doc. 1 at ¶ 20.

To be "colorable," the asserted federal defense need not be "clearly sustainable," as section 1442 does not require a federal official or person acting under him "to 'win his case before he can have it removed.'" *Jefferson County*, 527 U.S. at 431, 119 S. Ct. at 2075 (quoting *Willingham*, 395 U.S. at 407, 89 S. Ct. at 1816). Instead, an asserted federal defense is colorable unless it is "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *See Zeringue*, 846 F.3d at 790; *see also Bell*, 743 F.3d at 89–91 (deeming an asserted federal defense colorable simply because it satisfied the "causal connection" requirement). Certainly, if a defense is plausible, it is colorable. *Compare Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (plausible claim survives a motion to dismiss), *with Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction."), *and Montana-Dakota Utils. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249, 71 S. Ct. 692, 694, 95 L.Ed. 912 (1951) ("If the complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well as to decide that it has.").

The first federal officer defense raised by the Removing Defendants is set forth in *Boyle v. United Tech. Corp*. and "extends to federal contractors an immunity enjoyed by the federal government in the performance of discretionary actions."[36] In *Boyle*, the Supreme Court held state law liability may not be imposed for design defects in military equipment "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."[37]

The Removing Defendants argue the three *Boyle* factors are satisfied. Hopeman argues (1) the government required it to construct the asbestos-containing LASH cargo ships according to requirements set forth by the United States Maritime Administration,

---

[36] *Latiolais*, 951 F.3d at 297.
[37] *Boyle v. United Tech. Corp*., 487 U.S. 500, 512 (1988).

the United States Coast Guard, the United States Public Health Service, and other federal agencies;[38] (2) it was required to install asbestos-containing wallboard or else breach its contract with the Government;[39] and (3) the Government, through the Assistant Surgeon General, had "extensive, if not superior, knowledge of the risks associated with asbestos."[40] Huntington Ingalls argues (1) the contracts it had for the LASH vessels established "mandatory terms, conditions and specifications imposed upon [Huntington Ingalls] by the government;"[41] (2) it complied "with the specifications for how to use asbestos" under the "close and detailed supervision over all aspects of the construction of the federal vessels" by federal agencies like the United States Navy, United States Coast Guard, and the United States Maritime Administration;[42] and (3) the Government was "an authoritative leader in the field of occupational medicine and hygiene relating to the hazards of exposure to asbestos."[43]

Plaintiff argues only that the second *Boyle* factor is not satisfied because Removing Defendants failed to show they complied "with the specifications and requirements in a contract with the federal government."[44] Plaintiff argues the Removing Defendants failed to comply with "many such requirements" designed to "protect [their] workers from asbestos hazards."[45] Plaintiff argues Defendants exposed workers to "insanitary, hazardous, or dangerous conditions" in violation of the Walsh-Healey Contracts Act and the Occupational Safety and Health Act.[46] Plaintiff offers depositions of Huntington

---

[38] R. Doc. 19 at 21-22.
[39] *Id*. at 22-23.
[40] *Id*. at 23-24. Huntington Ingalls raises similar arguments in its opposition. R. Doc. 17 at 16-25.
[41] R. Doc. 17 at 17.
[42] *Id*. at 19.
[43] *Id*. at 24.
[44] R. Doc. 9-1 at 19.
[45] *Id*. at 20.
[46] *Id*. at 20.

Ingalls' employees who worked at the Avondale Shipyard and were exposed to asbestos due to the failure of Huntington Ingalls to comply with regulations.[47] Plaintiff alleges Hopeman required him to work around asbestos and that Hopeman provided ripped, torn, and malfunctioning dust bags.[48] Plaintiff alleges the Removing Defendants failed to warn him of the dangers of asbestos and did not provide ventilation.[49]

In *Latiolais*, an injured machinist brought suit against Huntington Ingalls, defendants in this matter, for exposure to asbestos while working for Huntington Ingalls installing thermal insulation aboard the USS *Tappahannock*.[50] The injured machinist challenged whether Huntington Ingalls satisfied the first and third *Boyle* factors, but not the second *Boyle* factor. Following a review of affidavits, deposition testimonies, and other items in the record, the Fifth Circuit found Huntington Ingalls sufficiently offered evidence that the three *Boyle* conditions had been met. Plaintiff argues the instant case is distinguishable from *Latiolais* because, unlike the injured employee in that matter, Plaintiff is challenging whether the Removing Defendants complied with the Government's specifications under the second *Boyle* factor and the second *Yearsley* element. This argument misses the mark. As explained in *Latiolais*, a colorable federal defense does not need to be "clearly sustainable."[51] It is not for the Court to decide today whether the *Boyle* federal contractor defense has merit and shields the Removing Defendants from liability. The Court need only find—which it does—that Huntington Ingalls and Hopeman have raised a *colorable* federal defense. Huntington Ingalls and

---

[47] *Id.* at 22-23.
[48] *Id.* at 24.
[49] *Id.* at 24.
[50] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 289 (5th Cir. Feb. 24, 2020).
[51] *Id.* at 296.

Hopeman have raised a defense that is plausible and not frivolous or immaterial. They need not win their case before it can be removed.[52]

The same reasoning applies to the second federal defense raised by the Removing Defendants. As the Plaintiff acknowledged, "The *Boyle* government-contractor defense and the *Yearsley* derivative-sovereign immunity defense potentially provide a government contractor immunity where it has complied with specifications and requirements in a contract with the federal government."[53] In the *Yearsley* derivative sovereign immunity defense, there are two elements that must be satisfied: (1) the work done was "authorized and directed by the Government of the United States" and "performed pursuant to the Act of Congress" and (2) the contractor "simply performed as the Government directed."[54] Plaintiff challenges the second *Yearsley* element on the same ground he challenged with respect to the *Boyle* defense: the Removing Defendants failed to comply with the Government's regulations and laws.[55] Again, it is not incumbent upon the Removing Defendants to put forth a successful defense at the pleadings stage, but only one that is colorable.[56]

The Removing Defendants have raised colorable federal officer defenses.

## II.   Removing Defendants' removal was timely.

Plaintiff argues the notice of removal "is untimely because removal took place approximately eighteen (18) months after the thirty-day deadline following receipt of

---

[52] *See Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999) ("We therefore do not require the officer virtually to 'win his case before he can have it removed.") (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

[53] R. Doc. 9-1 at 19.

[54] *Campell-Ewald Co. v. Gomez*, 577 U.S. 153, 167 (2016) (quoting *Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18, 20 (1940)).

[55] R. Doc. 9-1 at 6.

[56] *See Latiolais*, 951 F.3d at 298 (stating that it is not necessary to "speculate on what further evidence may come to light as the case proceeds.").

Plaintiff's Original Petition expired as prescribed under 28 U.S.C. § 1446."[57] It is clear the removal was not filed within thirty days of the filing of the state court petition on April 24, 2019. Plaintiff argues Huntington Ingalls was placed on notice the case was removable even earlier than that date--approximately five years before in prior litigation in which Huntington Ingalls and Hopeman were named defendants.[58] In that earlier action, Plaintiff testified as a witness to installing dusty wallboards on "some Navy ships" and "big oil tankers."[59] Plaintiff also argues Huntington Ingalls was placed on notice on November 25, 2019 when it received Plaintiff's master discovery responses, which included the transcript of Plaintiff's 2015 deposition,[60] and when Plaintiff was deposed in this action on October 13, 2020.

The state court petition in this action does not allege exposure to asbestos from any vessel Huntington Ingalls constructed for the federal government.[61] In fact, as noted by Huntington Ingalls, the original petition attempts to carve out any connection to federal activity by trying to disclaim "any causes of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any conduct, action, acts, or omissions of any and all federal officers, or committed at the direction of an officer of the United States of America."[62] In *Chapman v. Powermatic, Inc.*, the Fifth Circuit held that Section 1446(b) requires removal within thirty days of service of the initial pleading "only when that pleading affirmatively reveals on its face" that the case is removable.[63] The filing of

---

[57] R. Doc. 9-1 at 5.
[58] R. Doc. 9-1 at 5.
[59] R. Doc. 9-5, Edward Joseph, Jr. Dep. 19:3-9; 14:4-21.
[60] R. Doc. 9-7 at 48-99.
[61] R. Doc. 1-2.
[62] R. Doc. 1-1.
[63] *Chapman v. Powermatic, Inc.* 969 F.2d 160, 163 (5th Cir. 1992).

the state court petition did not affirmatively reveal on its face the case was removable and did not start the running of the thirty day period.

In his October 13, 2020 deposition, Plaintiff testified he was exposed to asbestos from the cutting of wallboards by Hopeman on every single ship on which he worked.[64] Huntington Ingalls argues that, only when Plaintiff revealed in his deposition testimony that he was exposed to asbestos from wallboards on every vessel he worked aboard, and given the contents of his personnel file that revealed Plaintiff worked upon LASH vessels, did Huntington Ingalls learn of the action's removability because the wallboards on LASH vessels were required by the federal government to contain asbestos.[65] Huntington Ingalls argues its notice of removal is timely because it was not put on notice of the action's removability until November 5, 2020, when Huntington Ingalls received the transcript of the Plaintiff's October 15, 2020 deposition.[66] The Removing Defendants point to *Morgan v. Huntington Ingalls, Inc.*, in which the Fifth Circuit adopted "a bright-line rule" that "Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript."[67] The Fifth Circuit reasoned this would help reduce protective removals by defendants who feared missing the statutory deadlines following long and complex depositions.[68]

With respect to any knowledge gained by the Removing Defendants or their counsel from the 2015-2016 litigation, Huntington Ingalls points to *Chapman* in which the Fifth Circuit specifically rejected the notion that a defendant's subjective knowledge

---

[64] R. Doc. 1-4 at 64.

[65] R. Doc. 17 at 4-5.

[66] Hopeman raises the same argument. R. Doc. 19 at 10.

[67] *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612 (5th Cir. 2018).

[68] *Id.*

should be considered when evaluating whether an initial pleading is removable, holding that a defendant is not required to conduct a "due diligence" inquiry to determine whether the initial pleading is removable.[69]

The Court finds the notice of removal was timely.

<u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**.[70]

**New Orleans, Louisiana, this 12th day of March, 2021.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[69] *Chapman v. Powermatic, Inc.* 969 F.2d 160, 163 (5th Cir. 1992).
[70] R. Doc. 9. Plaintiff's Request for Oral Argument is **DENIED AS MOOT**. R. Doc. 10.